UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY E. BROWN,<br>　　　Petitioner,<br>　　v.<br>JAMES WALKER, Warden,<br>　　　Respondent. | NO. CV 09-6341-GAF (AGR)<br><br>ORDER TO SHOW CAUSE |

On August 31, 2009, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The Court, therefore, orders Petitioner to show cause, on or before ***October 2, 2009***, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations.

///

///

///

## I.

## PROCEDURAL BACKGROUND

On September 22, 2004, a jury convicted Petitioner of first degree murder with a true finding that he personally discharged a firearm that resulted in death. (Petition at 2, 46; Ex. A to Petition (verdict).) On October 25, 2004, Petitioner was sentenced to 50 years to life. (Petition at 2.) The California Court of Appeal affirmed the judgment on May 24, 2005. *People v. Brown*, 2005 Cal. App. Unpub. LEXIS 4533 (2005). Although the Petition indicates that Petitioner filed a petition for review with the California Supreme Court (Petition at 3), Petitioner does not provide a case number, date of decision or any other information about a petition for review. The California Supreme Court's online docket does not show any petition for review filed by Petitioner.

On February 7, 2009, Petitioner signed and mailed a petition for writ of habeas corpus to the California Supreme Court. (Petition at 86.) That petition was filed on March 2, 2009. (Ex. A at 61 to Petition.) The California Supreme Court denied the petition on July 22, 2009. (Ex. A at 60 to Petition.)

On August 13, 2009, Petitioner signed and mailed the Petition to this Court. (Petition at 85, 88.)

## II.

## STATUTE OF LIMITATIONS

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts

///

running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A.   **The Date on Which Conviction Became Final**

The California Court of Appeal affirmed the judgment on May 24, 2005. *Brown*, 2005 Cal. App. Unpub. LEXIS 4533. The California Supreme Court's online docket does not show any petition for review filed by Petitioner on direct appeal. If Petitioner contends that he filed a petition for review on direct appeal, he should respond to this Order to Show Cause with the case number, date of decision, or any other information regarding a petition for review.

Given that Petitioner did not file a petition for review, his conviction became final forty days later (excluding holidays) on July 5, 2005. *See Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005). The statute of limitations expired one year later on July 5, 2006. Petitioner signed and mailed his federal habeas petition on August 13, 2009, over 3 years later. (Petition at 85, 88.) The Petition is time-barred unless the statute of limitations was tolled.

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, the statute of limitations is not tolled during the interval between the time a conviction becomes final on direct review and the time the first state habeas petition is filed because there is no case "pending" during that interval. *Thorson v. Palmer,* 479 F.3d 643, 646 (9th Cir. 2007).

Petitioner's first state habeas petition was signed and mailed on February 7, 2009, over 2-1/2 years after the statute of limitations expired. (Petition at 86.) A state habeas petition filed after the limitations period has expired does not toll or revive the expired limitations period. *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003).

///

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling. *Lawrence v. Florida,* 549 U.S. 327, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d. 924 (2007). Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* The extraordinary circumstances must have been the cause of his untimeliness. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

The Petition does not provide any basis for equitable tolling.

### B.   Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

In the context of an ineffective assistance claim, the statute of limitations starts to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice, whichever is later. *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

"'Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan*, 254 F.3d at 1154 n.3. Petitioner has not identified any deficiency of counsel that he discovered after the date his conviction became final. Because there is no basis for statutory or equitable tolling as discussed above, the Petition appears barred by the statute of limitations.

### C.   The *Cunningham* Decision

It appears that Petitioner may argue that his sentencing challenge is not barred by the statute of limitations because it is based on the Supreme Court's decision on January 22, 2007 in *Cunningham v. California*, 549 U.S. 270, 275, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007).

4

The statute of limitations may start running on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C); *see Dodd v. United States*, 545 U.S. 353, 357, 359, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005). In *Dodd*, the Supreme Court addressed a provision in 28 U.S.C. § 2255[1] that is materially identical to 28 U.S.C. § 2244(d)(1)(C):

> The limitation period shall run from the latest of -
>
> * * *
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The court held that the statute starts running on the date the court recognizes the right, not on the date the court makes it retroactively applicable. *Id.* at 358.[2] However, a petitioner "may take advantage of the date in the first clause of ¶ 6(3) only if the conditions in the second clause are met." *Dodd*, 545 U.S. at 359.

The Supreme Court decided *Cunningham* on January 22, 2007. For a petition based on *Cunningham* to be timely under 28 U.S.C. § 2244(d)(1)(C), (1) it would have to be filed no later than January 22, 2008; (2) the Supreme Court would have to recognize *Cunningham* as a new rule no later than January 22, 2008; and (3) the Supreme Court would have to declare *Cunningham* retroactive no later than January 22, 2008. *See Dodd*, 545 U.S. at 359 (applicant "will be time barred except in the rare case in which this Court announces a new rule of

---

[1] Under section 2255, a federal prisoner may challenge his or her sentence as unconstitutional.

[2] "*Dodd* is equally applicable to section 2244(d)(1)(C)." *Johnson v. Robert*, 431 F.3d 992, 992-93 (7th Cir. 2005) (per curiam).

constitutional law and makes it retroactive within one year"); *Johnson*, 431 F.3d at 992 (statute runs from date that the right was initially recognized, "even if the Court does not declare that right to be retroactive until later").

The Supreme Court has not recognized *Cunningham* as a new rule. The Ninth Circuit has held that *Cunningham* did not announce a new rule. *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir.), *cert. denied*, 129 S. Ct. 767 (2008). The Ninth Circuit interpreted *Cunningham* as "simply appl[ying] the rule of *Blakely* to a distinct but closely analogous state sentencing scheme."[3] *Id.* at 636. The *Cunningham* decision does not provide an alternative start date for the statute of limitations under 28 U.S.C. § 2244(d)(1)(C).

Therefore, the Petition is time-barred.

## III.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **October 2, 2009**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal with prejudice of the Petition based on expiration of the one-year statute of limitations. Petitioner's response must explain why the Petition is not barred by the statute of limitations.

***Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the District Court dismiss the Petition, with prejudice, based on expiration of the one-year statute of limitations.***

DATED: September 2, 2009

/s/ Alicia G. Rosenberg
ALICIA G. ROSENBERG
United States Magistrate Judge

---

[3] The Supreme Court decided *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), on June 24, 2004, before Petitioner's conviction became final. Therefore, reliance on *Blakely* is of no help to Petitioner.

6